**United States District Court**<br>For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PEDRO BRAMBILA; DOMINGA BRAMBILA,<br><br>    Plaintiffs,<br><br>   v.<br><br>MICHAEL ANTHONY TEMBY, *et al.*,<br><br>    Defendants.<br>_____/ | No. CV 12-05103 SI<br><br>**ORDER VACATING HEARING AND GRANTING DEFENDANTS' MOTIONS TO DISMISS** |

Currently before the Court are defendants' motions to dismiss *pro se* plaintiffs' complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Pursuant to Civil Local Rule 7-1(b), the Court finds this matter suitable for disposition without oral argument and therefore VACATES the hearing currently scheduled for December 14, 2012. Having carefully considered the papers submitted, the Court GRANTS defendants' motions to dismiss without leave to amend, for the reasons set forth below.

**BACKGROUND**

According to the complaint, plaintiffs Pedro and Dominga Brambila once resided at 2080 Roper Circle, Brentwood, California, 94513 ("Subject Property"). Compl. ¶ 1. On August 14, 2012, they discovered that the locks on the subject property had been changed by Bank of America. *Id.* ¶ 5. A "secured posting notice" had been taped to their door by defendants Team Temby Properties, Inc. and Michael Anthony Temby (collectively "Temby"). The next day, Temby posted a second notice on the door stating that personal property in the Subject Property would be disposed of after 18 days, on September 2, 2012. *Id.* ¶ 6. The Brambilas allege that Temby did not have an order from Bank of

America to post notices for the removal of their personal property, and they claim that they "continue to hold lawful and legal title to the property, by way of a Grant Deed." *Id.* ¶ 10.

Plaintiffs also allege that wrongful acts were committed by defendants Ron Ventura and his real estate and property management firm, Best Property Management, Inc. (collectively "Best"). *Id.* ¶¶ 2-3. On July 13, 2012, plaintiffs entered into a rental agreement with Best for a property at 2930 Lundin Ln, Brentwood, California 94513 ("Second Property"). *Id.* ¶ 4, Ex. B. Plaintiffs do not allege any wrongful acts regarding the Second Property or the rental agreement with Best; plaintiffs' only factual allegation connecting defendants Best to defendants Temby is that they all work in the same building. *Id.* ¶¶ 1-2.

Plaintiffs allege seven causes of action against all defendants based on Temby's posted notice. The claims are for: (1) fraudulent misrepresentation, (2) extortion, (3) breaking and entering and theft, (4) conspiracy to defraud, (5) trespass, (6) RICO violations, and (7) forgery.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This "facial plausibility" standard requires the plaintiff to allege facts that add up to "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although courts do not require "heightened fact pleading of specifics," *Twombly*, 550 U.S. at 544, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do," *id.* at 555. The plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *Id.*

In deciding whether the plaintiff has stated a claim, the Court must assume that the plaintiff's allegations are true and must draw all reasonable inferences in his or her favor. *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). However, the court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *St. Clare v. Gilead Scis., Inc.*, 536 F.3d 1049, 1055 (9th Cir. 2008). Moreover, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."

*Iqbal*, 556 U.S. at 678. In considering a motion to dismiss, the court may take judicial notice of matters of public record outside the pleadings. *See MGIC Indemn. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986).

If the Court dismisses a complaint, it must decide whether to grant leave to amend. The Ninth Circuit has "repeatedly held that a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (citations and internal quotation marks omitted). Dismissal of a *pro se* complaint without leave to amend is proper only if it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (quoting *Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980)).

## DISCUSSION

### I.  Defendants Best's Motion to Dismiss

The Best defendants move to dismiss the Brambilas' complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that each cause of action fails to allege any facts to support any claim against Best. The Court agrees. Best entered into a lease agreement with plaintiffs for the Second Property, but had nothing to do with the alleged wrongful acts regarding the Subject Property. Although each of plaintiffs' seven causes of action is pled against all defendants, plaintiffs never state any specific facts that Best knew of Temby's actions, agreed with the actions, or participated in any manner. That they worked in the same building as the Temby defendants is not enough to attribute knowledge, agreement, or concerted actions.

Furthermore, the Court finds it absolutely clear that plaintiffs could not cure the deficiencies in their complaint against the Best defendants. In their opposition, plaintiffs do not even aver that they may be able to allege more facts regarding Best, and instead merely recite the same facts alleged in their complaint. The facts that they do allege regarding Best and the Second Property have nothing to do with the alleged wrongful acts of Temby and the Subject Property. Therefore, the Court dismisses defendants Best and Ventura with prejudice.

## II.     Defendants Temby's Motion to Dismiss

In support of the Temby defendants' motion to dismiss, Temby attaches 13 documents, along with a request for judicial notice of these exhibits. Federal Rule of Evidence 201 allows a court to take judicial notice of facts that are either generally known or "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). The Court grants this request, because all documents are matters of public record (e.g., recorded deeds and public court filings). *See MGIC Indemn. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986). Plaintiffs object to this, arguing that judicial notice is only proper at the summary judgment stage. They are incorrect. *See id.*; *Mir v. Little Co. of Mary Hosp.*, 844 F.2d 646, 649 (9th Cir. 1998) ("It is proper for the district court to take judicial notice of matters of public record outside the pleadings and consider them for the purposes of the motion to dismiss.") (citations and quotations omitted).

Plaintiffs' entire theory of defendants' wrongful action is premised on the fact that they were the rightful owners of the Subject Property. However, the documents presented by defendants clearly show that plaintiffs were not the rightful owners of the Subject Property when defendants placed notices on the door for the removal of personal property. On March 29, 2005, plaintiffs obtained a loan from First Franklin, secured by a Deed of Trust against the Subject Property. Req. for Judicial Notice ("RJN"), Ex. 1. Plaintiffs defaulted on their loan, and non-judicial foreclosure proceedings were commenced, ending in a trustee's sale. RJN, Exs. 2-7. The Notice of Default and Election to Sell Under Deed of Trust was recorded with the Contra Costa County Recorder on August 17, 2009. RJN, Ex. 2.

On January 12, 2010, plaintiff Pedro Brambila filed a complaint against First Franklin and other banks in the Superior Court of California, Contra Costa County, alleging that the Subject Property was not properly foreclosed upon. RJN, Ex 10. On September 23, 2010, the Superior Court adjudged that defendants Wells Fargo Bank and First Franklin should be dismissed with prejudice. RJN, Ex. 11. On August 3, 2011, a Trustee's Deed Upon Sale was recorded with the Contra Costa County Recorder. RJN, Ex. 8.

Defendants Temby posted the notice of the Subject Property on August 15, 2012. This was more than a year after the Trustee's Deed Upon Sale was recorded. Therefore, the Court finds that the Brambilas were not the rightful owners of the Subject Property when the notice was posted.

4

In their opposition, plaintiffs do not dispute any of these facts. Plaintiffs argue that the request for judicial notice is only proper for a summary judgment, and then they restate all of the same facts that they alleged in their complaint. Nowhere have they made a showing that they will be able to cure the deficiencies in their complaint. Indeed, the Court finds that, because public documents show that they were not the rightful owners of the subject property when Temby posted the notice, as a matter of law it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment."

## CONCLUSION

For the foregoing reasons, the Court finds that the plaintiffs have failed to state a claim in their complaint, and it would be impossible for them to cure the deficiencies by amendment. Accordingly, defendants' motions to dismiss are GRANTED. Docket Nos. 3, 6. The case is DISMISSED WITH PREJUDICE. The clerk shall close the file.

**IT IS SO ORDERED.**

Dated: December 10, 2012

SUSAN ILLSTON
United States District Judge